IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **JAMES HARDY, JR., ET AL** | * | **CIVIL ACTION NO. 3:10-MC-0001** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **GEORGE BARTMESS** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

## ORDER

Before the court are several motions filed by plaintiffs - a motion for contempt and to seek issuance of a bench warrant, a motion to compel attendance for production of documents and deposition, as well as a motion for attorney's fees and costs. Doc. # 1.

Plaintiffs filed the instant motions on January 4, 2010. Plaintiffs alleged that Michael Shae Easterling ("Easterling"), a third party witness, was served with a valid subpoena and subpoena duces tecum on September 14, 2009. *Id.* at ¶ 3. The motion further alleged that Easterling failed to appear as ordered by the subpoena. *Id.* at ¶ 4.

On February 2, 2010, the undersigned observed that Easterling had failed to move either to quash the subpoena or for a protective order. Doc. # 2. Accordingly, the undersigned scheduled a hearing on February 11, 2010, for Easterling to show cause why he should not be held in contempt of court for failure to comply with the subpoena and subpoena duces tecum. Doc. # 2.

On February 4, 2010, Easterling filed a memorandum in opposition to plaintiffs' instant motions. Doc. # 3. Easterling contended that his failure to comply with the subpoena was excused under Rule 45(e) of the Federal Rules of Civil Procedure because the site where

plaintiffs proposed to take Easterling's deposition - 416 Travis Street, Shreveport, Louisiana - was located more than 100 miles from Easterling's residence at 824 Chester Road, Fort Necessity, Louisiana. *Id.* at ¶¶ 2, 3. Easterling also petitioned the court for attorney's fees and costs incurred in opposing plaintiffs' instant motions. *Id.* at ¶ 6.

On February 9, 2010, plaintiffs filed a reply memorandum. Doc. # 7. Plaintiffs argued that the site where they proposed to take Easterling's deposition was, pursuant to a straight line measurement, less than one hundred miles from Easterling's residence. *Id.* at 1. Plaintiffs also noted that counsel for both plaintiffs and Easterling had agreed to take the deposition of Easterling on February 26, 2010 in the offices of Easterling's counsel. *Id.* at 2.

For purposes of the 100-mile travel limit established by Rule 45, courts which have considered the matter have routinely held that the proper measurement is "as the crow flies" - or, in other words, a straight line measurement. *See, e.g., Palazzo v. Delmage*, 1998 U.S. Dist. LEXIS 23401, at * 1 (E.D.N.Y. Apr. 29, 1998). Based on its own investigation of the straight line distance between the site where plaintiffs proposed to take Easterling's deposition and Easterling's residence, using the ruler function of Google Earth, the court has determined that the two locations are roughly 120 miles apart.

In light of the aforementioned facts:

Plaintiffs' motion for contempt and to seek issuance of a bench warrant, and plaintiffs' motion to compel attendance for production of documents and deposition, are **DENIED**. Furthermore, the show cause hearing set for February 11, 2010 is **cancelled**.

Plaintiffs' motion for attorney's fees is **DENIED** because the site where plaintiffs proposed to take Easterling's deposition was, for purposes of Rule 45 of the Federal Rules of Civil Procedure, more than 100 miles from Easterling's residence. Easterling's request for

attorney's fees is also **DENIED** because plaintiffs would not have needed to file the instant motions had Easterling contacted plaintiff's counsel or otherwise responded to plaintiffs' subpoena in a timely fashion.

**THUS DONE AND SIGNED,** in chambers, in Monroe, Louisiana, on this 9th day of February, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE